■ In the Matter of BARBARA SANDS, Respondent, v. BRUCE SANDS, Appellant.— Order, Family Court of the State of New York, New York County, entered November 5, 1971, which denied appellant's application to reduce the weekly support for his children, granted attorney's fees to the petitioner-respondent mother, directed payment of arrears and the posting of a bond, modified, on the law and the facts, and in the exercise of discretion, to reduce the amount of support to $45 per week for each of the three children (for a total of $135 per week), to reduce counsel fees to $875, and to reduce the payment of arrears to the amount of $50 per month, and to eliminate the requirement for the posting of a bond, and otherwise affirmed, without costs and without disbursements. The parties were divorced in 1963 and had a separation agreement. They have both since remarried. When the husband's life-style and financial circumstances increased markedly, a stipulation in 1965 after a proceeding in the Family Court, concurred in by the court, increased the amount of support. While his life-style has not been appreciably affected because the family of his second wife provides succor, the husband's financial circumstances have been lowered, and accordingly the amount of support should be reduced to the extent indicated; the award of counsel fees was similarly excessive, as was the direction for the satisfaction of arrears. Concur — Markewich, J. P., Nùnez and Kupferman, JJ.; Murphy and McNally, JJ., dissent in the following memorandum: We vote to affirm. It is apparent that the child support provisions of the separation agreement entered into between the parties hereto in 1963 were inadequate. In 1965, the appellant voluntarily entered into a stipulation increasing these payments. In the instant proceeding, the appellant claims that his ability to meet this obligation has been impaired because of his decreased pay. In our opinion, the Trial Justice properly reviewed the financial background and his decision is supported by the record. The record shows that the appellant is the president of Bruce Sands Packaging Company which he owns with his present wife. He acquired this interest in 1962, a year prior to his divorce from the petitioner herein. In 1970, he and his present wife drew respective salaries from the company in the amounts of $16,700 and $5,200. Appellant testified to a current gross weekly salary of $300. Notwithstanding his income, the record shows that the appellant enjoys a very high standard of living; resides in a co-operative apartment in New York City, consisting of seven rooms and four baths with a monthly carrying charge of $890. He and his present family during the past few years rented a summer home and have taken vacations in Florida and Puerto Rico. He is a member of a golf club in Westchester. He has the use of an automobile either rented or leased by his business and he has season tickets to sporting events. The approximate value of the co-operative where appellant currently resides is somewhere between $100,000 and $150,000. Apparently there are three telephones in the apartment and a full-time sleep-in domestic whose salary is $90 a week, which is paid in cash. The appellant testified that his membership in the country club is a business expense which for the first six months in 1971 amounted to a sum

in excess of $4,000. The record spells out the fact that appellant is involved with a closely held family business; that his salary is arbitrarily set. There is one crystal clear factor however. There is no change in his style of living regardless of the amount of his salary. It was obvious to the trial court and it is to us that the standard of living created by the appellant for his second wife and their children was and is luxurious and that his financial ability to meet the imposed payment of $60 a week for each of appellant's minor children by his first marriage is not impaired to such an extent to warrant a reduction.